UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERALD D. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CV1280 CDP |
| ) | |
| BANK OF AMERICA N.A., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER OF DISMISSAL**

This newly-filed case is before me on my review of the file.[1]  Plaintiff brings state law claims against his bank and his ex-wife because his ex-wife allegedly took life insurance proceeds belonging solely to plaintiff, deposited them in the marital joint checking account, and then transferred them to her sole account, all without plaintiff's knowledge or consent.  Plaintiff, a Missouri resident, pleads that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000 and defendant Bank of America "maintains its principal place of business in Charlotte, North Carolina."  (Comp. ¶ 18).

These allegations are insufficient to demonstrate that this Court has subject matter jurisdiction over this action for at least two reasons.  First, pleading residency is insufficient to establish citizenship, which are two different things.  Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987).  Secondly, plaintiff ignores the citizenship of the second defendant, his ex-wife, who plaintiff alleges is also a Missouri resident.  (Comp. ¶ 19).  "Diversity jurisdiction requires complete diversity, that is where no defendant holds citizenship in the same state where

---

[1] "The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987).

any plaintiff holds citizenship." <u>Cascades Development of Minnesota, LLC v. National Specialty Ins.</u>, 675 F.3d 1095, 1098 (8th Cir. 2012) (internal quotation marks and citations omitted). Although residency does not equate with citizenship for purposes of establishing diversity jurisdiction, it is evidence to be considered.  Here, as both plaintiff and his ex-wife are Missouri residents, it appears that diversity jurisdiction is lacking.  Because plaintiff's complaint is silent as to the citizenship of the parties, and complete diversity of citizenship is not apparent from the face of the complaint (and indeed, appears to be lacking), the Court cannot exercise jurisdiction over this case under 28 U.S.C. § 1332.

Accordingly,

**IT IS HEREBY ORDERED** that this case is dismissed for lack of subject matter jurisdiction.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of July, 2013.