UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERALD D. SMITH, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:13CV1280 CDP |
| BANK OF AMERICA N.A., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On July 10, 2013, I dismissed this action for lack of subject-matter jurisdiction because plaintiff did not properly allege the elements of diversity jurisdiction and named a non-diverse defendant in the suit.[1] Plaintiff now asks me to set aside this dismissal, arguing that his failures amount to "excusable neglect" under Fed. R. Civ. P. 60(b). I disagree, so the motion will be denied. "Under Rule 60(b), the movant must demonstrate exceptional circumstances to justify relief." Brooks v. Ferguson-Florissant School District, 113 F.3d 903, 905 (8th Cir. 1997). Here, plaintiff has not demonstrated that the failure to allege subject-matter jurisdiction and the joinder of a non-diverse defendant amount to excusable neglect. Because I did not have jurisdiction to decide plaintiff's case when it was filed, I dismissed it. If plaintiff thinks he can now bring a case over which the federal courts have jurisdiction, he is not precluded by my prior order from filing it as a new case.[2] See Charchenko v. City of Stillwater, 47 F.3d 981, 985 (8th Cir. 1995) ("Under Rule 41(b) of the Federal Rules of Civil Procedure, dismissal for lack of jurisdiction is

---

[1] Plaintiff's allegation that he brings this motion (filed on September 3, 2013) a "mere seven days since the Court's ruling" is wrong.

[2] Of course, I make no finding whether plaintiff has stated claims over which this Court would have subject-matter jurisdiction.

not an adjudication on the merits and thus such a dismissal should be without prejudice."). However, that does not mean he is entitled to Rule 60(b) relief in this case.  Moreover, plaintiff's argument that he "made a mistake by including a non-essential party, Kim Smith, as a defendant, taking plaintiff's claim out of the jurisdiction of this Court" is questionable given plaintiff's allegations that Kim Smith, his ex-wife, allegedly took life insurance proceeds belonging solely to plaintiff, deposited them in the marital joint checking account, and then transferred them to her sole account, all without plaintiff's knowledge or consent.  Whether, under these circumstances, Kim Smith could ever be a "non-essential party" in a negligence action against the bank is not an issue for me to decide, but would likely be one for resolution by a federal court if the action were filed here instead of state court.

    Accordingly,

    **IT IS HEREBY ORDERED** that plaintiff's motion to vacate [#7] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of September, 2013.